**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Nicolas Mateo Felipe,<br>Petitioner,<br>v.<br>Kristi Noem, et al.,<br>Respondents. | No. CV-26-01365-PHX-DWL (JZB)<br>**ORDER** |

Over the past year, the federal courts have been flooded with habeas corpus actions under 28 U.S.C. § 2241 raising the same issue—whether an alien who entered the United States without inspection and was subsequently apprehended in the interior of the country is statutorily entitled to a bond hearing during the resulting removal proceeding. *Rodriguez Vazquez v. Bostock*, 2026 WL 2196424, *3 (9th Cir. 2026) ("The government's change in policy has resulted in detained aliens filing thousands of habeas petitions in federal courts across the country, seeking bond hearings and possible release from detention.").

When this Court first addressed this issue in October 2025, it concluded that such aliens do have a statutory right to a bond hearing but acknowledged that the issue "present[ed] a complicated and debatable question" that was "not entirely free of doubt." *Echevarria v. Bondi*, 2025 WL 2821282, *5, *10 (D. Ariz. 2025). The many decisions issued since then suggest that other judges also view this issue as raising a complicated and debatable question—although the Ninth Circuit recently agreed that a statutory right to a bond hearing exists in this circumstance, it observed that "no reading of the complicated

and interrelated textual provisions at issue here is without some shortcomings" and emphasized that "[e]specially in the context of a complicated statute like the INA, statutory interpretation does not always yield a crystal-clear answer." *Rodriguez Vazquez*, 2026 WL 2196424 at *3, *26. Additionally, an "active circuit split" has now emerged. *Suri v. Trump*, 2026 WL 2123557, *33 n.* (4th Cir. 2026) (Wilkinson, J., dissenting).

In this § 2241 action filed in February 2026, Petitioner—a native and citizen of Guatemala who entered the United States without inspection in 2013 and was arrested by immigration authorities in January 2026—argued that he was entitled to be released on bond while the government argued that he was subject to mandatory detention. (Docs. 1, 6.) In an April 20, 2026 order, the Court agreed with Petitioner, noting that this case was "virtually indistinguishable" from *Echevarria*, and granted relief. (Doc. 9.)

Now pending before the Court is Petitioner's motion for $9,227.02 in attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 11.) The government opposes the motion, arguing that (1) its position was "substantially justified" and (2) Petitioner's motion fails to comply with various procedural requirements set forth in LRCiv 54.2. (Doc. 12.) The time to file a reply has expired and Petitioner did not file a reply.

The EAJA provides that the Court "shall" award fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "To establish substantial justification, the government need not establish that it was correct or justified to a high degree . . . but only that its position is one that a reasonable person could think it correct, that is, that the position has a reasonable basis in law and fact. That the government lost . . . does not raise a presumption that its position was not substantially justified. Fees may be denied when the litigation involves questions of first impression, but whether an issue is one of first impression is but one factor to be considered." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1167-68 (9th Cir. 2019) (cleaned up). Applying these standards, the Court concludes that the government's position was substantially justified. As discussed above, the bond-entitlement issue raised in this case is a complicated and

debatable question that has divided the lower courts. A reasonable person could have believed that the government's position was correct and that the government's position had a reasonable basis in fact and law—indeed, many reasonable jurists have reached that exact conclusion in decisions issued both before Petitioner filed this action and since this action concluded.

Finally, although the analysis could end there, the government is also correct that Petitioner's motion fails to comply with LRCiv 54.2. For example, under LRCiv 54.2(d)(1), "[n]o motion for award of attorneys' fees will be considered unless a separate statement of the moving counsel is attached to the supporting memorandum certifying that, after personal consultation and good faith efforts to do so, the parties have been unable to satisfactorily resolve all disputed issues relating to attorneys' fees or that the moving counsel has made a good faith effort, but has been unable, to arrange such conference. The statement of consultation shall set forth the date of the consultation, the names of the participating attorneys and the specific results or shall describe the efforts made to arrange such conference and explain the reasons why such conference did not occur." *Id.* Separately, under LRCiv 54.2(d)(2), "[a] complete copy of any written fee agreement, or a full recitation of any oral fee agreement, must be attached to the supporting memorandum. If no fee agreement exists, then counsel must attach a statement to that effect." Petitioner's motion is not accompanied by the required separate statement and Petitioner's counsel did not provide a copy of the relevant fee agreement or an avowal that no such agreement exists. These omissions provide an additional reason why the motion should be denied.

…

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that Petitioner's motion for $9,227.02 in attorneys' fees pursuant to the EAJA (Doc. 11) is **denied**.

Dated this 24th day of August, 2026.

Dominic W. Lanza
United States District Judge